UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

UNITED STATES OF AMERICA,

        vs.

JOSEPH P. COLLINS,

        Defendant.

------------------------------------X

No. 07 Cr. 1170 (LBS)

## DEFENDANT'S SUR-REPLY MEMORANDUM OF LAW

Defendant Joseph Collins respectfully submits this sur-reply in response to the government's reply memorandum concerning the admission of "other acts" evidence.

**I.   Evidence Concerning Maggio's 1993 CFTC Deposition Should Be Excluded**

In its briefs, the government nowhere articulates what crime, wrong or other bad act Collins allegedly committed in connection with Maggio's deposition in 1993. Collins is not alleged to have had any role in the illegal "investment program" that was under investigation. Nor is he alleged to have taken part in any conversation between Bennett and Maggio in which that alleged fraud or the need to cover it up was discussed. Indeed, the only act the government attributes to Collins is that, in preparing Maggio for a deposition, he gave advice to Maggio about how he might frame some of his answers to various anticipated questions. The government does not say that Collins encouraged Maggio to lie. Nor does it spell out how any of the advice provided by Collins was in any way improper. It is common practice for lawyers to prepare clients to answer questions at depositions, even to advise them to frame answers in certain ways, and Maggio himself seems to be at a loss in terms of his ability to recall exactly how Collins advised him – he cannot even recall whether he showed and went over with Collins

the allegedly problematic account statements that had been submitted to the CFTC. Def.'s Resp. Br., Mar. 30, 2009, at 4, Ex. C, at 4.

What we are left with is proffered evidence that remains ambiguous, that might well be indistinguishable from legitimate lawyering, and that the government proposes to present to a lay jury unskilled in marking the line between acceptable deposition preparation practices and corrupt behavior. This can only lead to confusion, if not unfair prejudice. That Collins's alleged conduct falls in an area not clearly wrong or criminal is particularly problematic given the government's stated purpose in seeking to introduce the evidence: to explain the "background" of the conspiracy, the acts by which Bennett, Maggio and Collins formed their original criminal bond. Govt. Mem., Mar. 6, 2009, at 4-5. While it is true, as the government states in its brief, that Rule 404(b) authorizes the admission of "other acts" evidence even where the alleged other acts do not rise to the level of a crime, Govt. Reply, Apr. 27, 2009, at 23-24, the government can point to no case where "other acts" that fall short of clear-cut crimes have been admitted to show the origins of a criminal bond among alleged co-conspirators. None of the authorities cited in its brief stands for such a proposition. Govt. Reply 23-24. The jury will confuse the trust and confidence a client typically reposes in a lawyer with the trust and confidence enjoyed among those truly engaged in a common criminal venture.

All of these problems are compounded by the government's newly stated intention to introduce evidence of frauds at Refco dating back to the "early 1990s," more than five years before the charged conspiracy. Govt. Reply 19. The defense had no notice that the government's proof would expand in this way. Indeed, the government previously represented to the Court that the origins of the charged conspiracy date back to the "mid-1990's" – that is, from approximately 1994 through 1996, when a series of customers, including Trade & Marine,

2

were unable to repay their loans. Govt's Sentencing Mem., *United States v. Bennett*, 05 Cr. 1192 (NRB), June 6, 2008, at 1-2. With trial about to commence, the defense is in no position even to begin to respond to such allegations; it is not even clear that the documents relating to these early aspects of the fraud have been produced in discovery.

The government makes much in its brief of the defense's opportunity to cross-examine Maggio, which it presents as the panacea to any perceived problems with the quality of the proffered evidence. Govt. Reply 9. While we are confident that we can effectively cross-examine Maggio with respect to those aspects of the case to which we have already devoted resources and marshaled the appropriate documents from vast computer databases, there is a limit to what we can do when the government seeks at this late stage to introduce evidence of events that took place more than 15 years ago, as to which memories are stale and documents not readily available.

## II.   Evidence Concerning Maggio's 2003 SEC Deposition Should Be Excluded

In its rendition of the events surrounding Maggio's 2003 deposition in the Sedona investigation, the government again identifies no crime, wrong or other improper act attributable to Collins. The government does not allege that Collins encouraged Maggio to lie. Rather, the government alleges that Maggio lied spontaneously at the deposition in a way that contradicted information he had earlier given to Collins. Given the government's assurance to the Court that it does not intend to argue that Collins was corrupt or unethical in not undertaking to correct the alleged perjury, Govt. Mem. 17, it is difficult to see how what happened at Maggio's deposition is in any way probative of Collins's guilt.

Originally, the government rested the significance of this aspect of its proof on what it claimed was a distinction in legality: it proffered that the version of the facts Maggio allegedly

3

recited to Collins *before* his deposition portrayed his conduct as "illegal," whereas the version of facts he recited *during* his deposition portrayed his conduct as "legal." Govt. Mem. 6. In its reply memorandum, the government retreats from this distinction, apparently recognizing that both versions involved an admission of illegality by Maggio. Govt. Reply 14-15. The government now recasts its proffer to argue that it should be able to present evidence to the jury that Collins was merely aware of "inconsistencies" in Maggio's two versions. Govt. Reply 15. Whatever these inconsistencies might be, they are minor, if not completely irrelevant, because in both versions, including his sworn testimony before the SEC, Maggio confessed to the core misconduct that the SEC was investigating in considering whether his supervision had been negligent: he admitted that he had permitted short selling to take place without receiving adequate assurance, as required by NASD rules, that the sales could be covered. It is difficult to see how this evidence might have any meaning to a jury tasked with focusing on crimes of a far different nature.

Finally, the government states that whatever the vagaries of alleged conversations in which Maggio speaks figuratively about a "house of cards" or "smoke and mirrors," he will "amplify" his account of such conversations in his testimony at trial so as to make their import clear. Govt. Reply 7. Obviously, without receiving a proffer of what such amplification might include, we cannot meaningfully respond. Rule 404(b) requires "reasonable notice" and "[w]hen ruling *in limine*, the court may require the government to disclose to it the specifics of such evidence which the court must consider in determining admissibility." Fed. R. Evid. 404(b) Advisory Committee's Notes to 1991 Amendment.

## Conclusion

The government is correct in anticipating that Collins will defend this case by vigorously contending that he had no knowledge of the fraud at Refco. Presumably the government has other, stronger evidence of his mental state. Such an important question should be decided on the basis of reliable evidence with clear probative value and not on the basis of marginal and questionable evidence with the potential to confuse. The proffered other acts evidence should be excluded.

Dated: April 28, 2009

Respectfully submitted,

_____
William J. Schwartz (WJS 8462)
Jonathan P. Bach (JB 9710)
COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, New York  10036
Telephone:   (212) 479-6000
Facsimile:    (212) 479-6275

**CERTIFICATE OF SERVICE**

I, Jonathan Bach, hereby certify that on this 28th day of April, 2009, I caused a true and correct copy of Defendant's Sur-Reply Memorandum of Law on behalf of Joseph P. Collins to be filed electronically. Notice of this filing will be electronically mailed to all parties registered with the Court's electronic filing system.

                                                /s/ Jonathan Bach
                                                Jonathan Bach (JB 9710)