

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
WASHINGTON, D.C. 20549

Division of Enforcement

October 8, 2009

Robert S Khuzami
Director
(202) 551-4894
(202) 772-9279 (fax)
khuzamir@sec.gov

**BY FEDERAL EXPRESS OVERNIGHT**

The Honorable Robert P. Patterson
U.S. District Judge for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

   Re: *United States v. Joseph P. Collins*, S1 07 Cr. 1170 (RPP)

Dear Judge Patterson:

   I write to express my views as Director of the U.S. Securities and Exchange Commission's Division of Enforcement regarding the sentencing of defendant Joseph P. Collins.

   The Court heard the evidence in this case and is familiar with the facts supporting the guilty verdicts that were returned. As the primary outside attorney for Refco Group Ltd. and Refco Inc., Collins substantially and repeatedly assisted Refco in concealing hundreds of millions of dollars in related party indebtedness and related party transactions. As a result, Refco was able to use registration statements to raise $600 million from financial institutions and to sell over $580 million worth of common stock to an unsuspecting public.

   Financial frauds such as Refco's can call into question the integrity of the nation's capital markets. When those frauds are actively and knowingly assisted by attorneys or other professionals, the damage can be especially severe. The Commission and investors rely on such gatekeepers. In many instances, questionable practices and attempted frauds have been thwarted by professionals who refused to countenance their clients' wrongful conduct. In contrast, Collins not only failed to stop his client's fraud, but actively assisted it. Even though he was a partner in one of the nation's largest and most sophisticated law firms, Collins made sure that Refco's reports did not disclose the massive related party indebtedness and the pervasive related party transactions of which he was well aware. His involvement in Refco's filings with the Commission gave the company's disclosures to potential investors a veneer of legitimacy. The negative impact of his misconduct on the public's perception of the integrity of the securities markets cannot be denied and should be considered in determining his sentence.

Accordingly, in determining Collins' sentence, I urge the Court to give full consideration to his active involvement in the Refco fraud, his utter disregard for Refco's duty to disclose material information to investors and others, his abdication of his own duty, as an attorney, to ensure compliance with the law, and the impact of his illegal acts on the nation's capital markets.

I thank you for your attention to these important factors in the sentencing of defendant Collins.

Respectfully submitted,

*[signature]*

Robert S Khuzami

cc (by FedEx):

William J. Schwartz
Counsel for Defendant Joseph P. Collins