CBEPCOLF                         Deliberations

1    UNITED STATES DISTRICT COURT

2    SOUTHERN DISTRICT OF NEW YORK
     ------------------------------x

3
     UNITED STATES OF AMERICA,              New York, N.Y.

4
                  v.                        07 Cr. 1170 (LAP)

5
     JOSEPH P. COLLINS,

6
                  Defendant.

7
     ------------------------------x

8                                           November 14, 2012
                                            1:55 p.m.
9    Before:

10                     HON. LORETTA A. PRESKA,

11                                          District Judge

12                          APPEARANCES

13   PREET BHARARA
          United States Attorney for the
14        Southern District of New York
     BY:  HARRY A. CHERNOFF
15        MICHAEL A. LEVY
          EDWARD A. IMPERATORE
16           Assistant United States Attorneys

17   COOLEY LLP
          Attorneys for Defendant
18   BY:  WILLIAM SCHWARTZ
          JONATHAN BACH
19        REED SMITH
          LAUREN GERBER LEE

20
             – also present –

21
     Robert Clark,
22        Postal Inspectors, U.S. Postal Inspection Service

23   Gary Smith,
          Paralegal, U.S. Attorney's Office

24
     Stephanie O'Connor,
25        Consultant for defense

1          (In open court; jury not present)

2          THE COURT:  Good afternoon, gentlemen.  Off the

3     record.

4          (Discussion held off the record)

5          THE COURT:  We have a note, which Mr. Chernoff has.

6     I'll put it on the record.  Off the record.

7          (Discussion held off the record)

8          MR. SCHWARTZ:  Judge, I'm sorry it's taking so long.

9     I cannot find the notes that have the direct quotes.  There are

10    two wire frauds that are marked "draft" that are similar to

11    what the jury has proposed.

12         THE COURT:  Can I take a look at it?  Thanks so much.

13    711 and 3010.  Could I glance at the note again, please?  Thank

14    you.  Thank you, Mr. Chernoff.

15         MR. LEVY:  Judge, I'm sorry.  I didn't mean to

16    interrupt you.  We have the testimony, four copies of the

17    testimony of Mr. Lopez and the exhibit.  We've shown it to

18    defense counsel.  Everybody is okay with sending that back

19    while we are responding to the other note.  Is that okay?

20         THE COURT:  And is that the -- Ahh, thank you.  Could

21    I go on the record, and I'll just go through these notes?  For

22    the record, counsel, earlier in the day we received Court

23    Exhibit J requesting various exhibits, 2001.2C, Government

24    Exhibit; 1612, Government Exhibit; Government Exhibit 3020,

25    Government Exhibit 356.  All of which have been sent in.

3440

CBEPCOLF                         Deliberations

1          Later, Court Exhibit K requested that the jury be

2     permitted to leave at 3:00 today and tomorrow.  With your

3     permission, it was communicated to the jury that they had such

4     permission.

5          Court Exhibit L was a note asking whether the jury can

6     make progress application for payment of tolls/parking

7     expenses.  I've given you a letter which I propose to send in.

8     Is there any objection to the letter?

9          MR. CHERNOFF:  No, your Honor.

10          MR. SCHWARTZ:  No, your Honor.

11          THE COURT:  Thank you.  And Court Exhibit M:

12     "Question:  Request clarification, wire fraud.  Can a defendant

13     be found guilty of "wire fraud" when the" -- for some reason,

14     single quote -- 'e-mail' attached document is not a "final" or

15     "executed" labeled version, but is, instead, labeled as a

16     "draft" and was "to be given further consideration."

17          Along with that note was a different note requesting

18     Exhibits 1410, 1411, 1414 and Paul Lopez's testimony.  Counsel

19     have informed me that those exhibits and that testimony is

20     ready to go into the jury.  We'll go ahead and send that in,

21     along with the response to the parking/tolls application.

22          And we will return to them with the letter on their

23     parking tolls the various expense receipts that they gave to us

24     so they can put them in themselves.

25          Counsel, please let me know when you've had enough

CBEPCOLF                    Deliberations

1    time to evolve a position on the wire fraud clarification they

2    asked for.

3            MR. LEVY:  Your Honor, we have drafted up something

4    that we have proposed.  We passed it to the back table, and I

5    don't know if they're still looking at it.

6            THE COURT:  Let us know when you're ready, friends.

7            MR. BACH:  We're getting there.

8            THE COURT:  Tell us when you're ready.

9            (Pause)

10           MR. CHERNOFF:  Your Honor, may we take another look at

11   that note?

12           THE COURT:  Certainly.  Let me know when you're ready.

13           MR. SCHWARTZ:  Your Honor, we do not agree with the

14   government's proposal and have a counterproposal.

15           MR. LEVY:  Should I hand ours up, read it to your

16   Honor?  Whatever you prefer.

17           THE COURT:  Why don't you read it into the record, and

18   then hand it up, whatever you prefer.

19           MR. BACH:  Have you seen our proposal?

20           MR. SCHWARTZ:  Why don't you see our proposal, maybe

21   you'll accept it.

22           (Pause)

23           MR. SCHWARTZ:  Your Honor, I think, with one exception

24   which we can discuss, the government is prepared to accept our

25   proposal, and I'm handing that to the Court.

1          THE COURT:  Thank you.

2          MR. SCHWARTZ:  And if your Honor has any trouble

3   reading it, let me know.

4          THE COURT:  We'll mark it as Court Exhibit N.  And

5   what is the government's objection, please?

6          MR. LEVY:  Your Honor, the government had a

7   two-sentence response, and we'd still like the second sentence

8   of ours, which reads as follows -- it was going to be the

9   conclusion -- "Thus, it is possible that an e-mail such as you

10  have described could satisfy the third element of wire fraud."

11         If your Honor looks at the note, it does ask that

12  question.  We've -- I think the defense has accurately stated

13  the law, but nothing in there answers their question.  The

14  answer to their question is, quite frankly, yes.

15         THE COURT:  Yes, if you find it meets the elements.

16         MR. LEVY:  Right.  So I think what the government

17  would put in is something that would read essentially like,

18  yes -- a final sentence that says, "Thus, it is possible that

19  an e-mail such as you have described could satisfy the

20  element."

21         THE COURT:  What's the objection to that?

22         MR. SCHWARTZ:  I don't think your Honor has to tell

23  the jury what possibilities are.  If your Honor tells them that

24  it's for them to decide whether it meets -- You shouldn't be

25  offering that it might meet.  You don't know that.  This is a

1    factual question.  So an e-mail like that might or might not

2    meet.  It is their solely within their province to decide that,

3    and that's why we drafted our --

4              THE COURT:  But I think that's what we're telling

5    them.  The question itself is:  Can a defendant be found guilty

6    if bum pa bum.  So someplace I have to say, the answer to your

7    question is yes.  But I think we're telling them very

8    explicitly that it's up to them to decide.  Indeed, the last

9    sentence of your suggestion is --

10             MR. SCHWARTZ:  Well, then the answer is really yes or

11   no, depending on what you decide.  It's not yes, and that's

12   what we object to.

13             MR. LEVY:  Well, their answer is "can"; so it can't be

14   no.  If the answer going back was no, that would tell them that

15   that e-mail could, under no circumstances, satisfy.  So the

16   question is, in fact, yes, it could under circumstances that

17   your Honor will be describing in the longer version of the

18   charge, but we do think it's important to answer the question

19   with what is essentially, yes, that could be a possibility.

20             THE COURT:  Well, what about this?  What about

21   starting with something like, and I don't have your language in

22   front of me; so I can't do it quite right but, "Yes, such an

23   e-mail could form the basis of a wire fraud conviction if you

24   find," and go into Mr. Schwartz's note?

25             MR. LEVY:  I think that's fine, but we actually were

CBEPCOLF                    Deliberations

1    trying, for the defense's sake to stay away from the word

2    "yes."  That's why we phrased it as, "Thus, it is possible that

3    an e-mail such as you have describe could satisfy the third

4    element."

5         THE COURT:  I hear your point, but I'm trying to

6    respond to Mr. Schwartz's point.

7         MR. SCHWARTZ:  Your Honor, I think the note is

8    ambiguous as to what it is actually referring to.  The charge

9    that your Honor gave them, we're guessing that they're talking

10   about this element, to begin with, I think.  I think we both

11   assume that they are talking about the element of the wire, but

12   it's not necessarily so.

13        And I think that it's very dangerous for the Court to

14   be taking a factual position, even hypothetically.  I think

15   that the jury is supposed to make decisions based on the law,

16   not based on the answers to hypothetical questions and --

17        THE COURT:  But they are asking us a very specific

18   question.  If you don't like yes, we could say, "Such an e-mail

19   could form the basis of a wire fraud conviction if you find,"

20   and go through all of the things you've listed.

21        MR. BACH:  My hesitation, Judge -- and I hear all

22   these points -- is we haven't found the document that we think

23   they're referring to.  So for the Court to indicate a "yes" or

24   "no" as a factual matter, we just can't be confident.

25        THE COURT:  That doesn't make any sense.  The question

CBEPCOLF                         Deliberations

1   is the draft attachment, and all we're doing is telling them if

2   they find it meets the elements, yes, it may support a

3   conviction.

4           MR. LEVY:  And, your Honor, we were careful in our

5   wording to say "an e-mail such as you describe."  We're not

6   saying there is such an e-mail in existence anywhere or that

7   they're looking at it, but an e-mail such as they describe.  I

8   think we all agree, could, in the appropriate circumstances,

9   form the basis of a conviction.

10          THE COURT:  Why is that not the introductory sentence?

11          MR. SCHWARTZ:  I think if your Honor said something

12  like "the e-mails charged in the indictment could form the

13  basis of a conviction under the following circumstances" and

14  then your Honor can -- then your Honor can give the charge.  We

15  don't know what they're talking about.

16          MR. LEVY:  What I worry about there, and actually what

17  I worry about with your Honor's formulation of giving it as the

18  first sentence and then say "if you find the following" is I

19  wouldn't want what the defense has written up to be a

20  substitute for what your Honor actually charged on wire fraud

21  and that's why our version was going to be a lot shorter.

22          THE COURT:  Well, maybe at the end, I have to tell

23  them that this answer is not a substitute for the lengthier

24  charge.  I'm happy to do that.

25          MR. SCHWARTZ:  And we would prefer that, your Honor.

1            THE COURT:  And I should do that.  But at the end.

2     But I think at the front end or someplace we have to directly

3     answer their question.

4            MR. SCHWARTZ:  Then I think your answer --

5            THE COURT:  To answer their question directly.

6            MR. SCHWARTZ:  I think your answer could be that "the

7     particular wires charged in the wire fraud counts could be the

8     basis for finding a conviction if" and then give the charge

9     that we proposed, and then end it with "this should not be a

10    substitute for the longer charge that I have given you, which

11    is a clarification, not a substitution."

12           THE COURT:  Okay.  The only question then is whether

13    to say the wire fraud -- I'm sorry, "the e-mails charged in the

14    wire fraud count could form the basis" or to say "e-mails such

15    as you describe could form the basis."

16           MR. SCHWARTZ:  No, it's got to be an e-mail that's

17    charged.  It can't be one that's not charged.  That's what

18    concerns us.

19           MR. LEVY:  They know that, your Honor, and they're not

20    asking about that.  To say an "e-mail charged in the indictment

21    could form the basis," I doubt if they would have any question

22    about that, otherwise, what are they doing here.

23           THE COURT:  Well, but they also shouldn't be looking

24    at an e-mail that isn't charged.

25           MR. SCHWARTZ:  That's right.

CBEPCOLF                          Deliberations

1           MR. LEVY:  And I think --

2           THE COURT:  One at a time.

3           MR. LEVY:  I think we can assume that they're not --

4   My colleague says that we can say "an e-mail such as you have

5   described if charged," but I'm not quite sure why we have any

6   concern about this being charged or not.

7           THE COURT:  Tell me, what's wrong with "the e-mails

8   charged in the wire fraud count of the indictment could form

9   the basis"?

10          MR. BACH:  It should be plural.

11          THE COURT:  I said e-mails.

12          MR. LEVY:  I just don't know that that's the question.

13  Does that respond to the question they're asking?  They're

14  effectively asking because this was a draft, could this, under

15  some circumstances, and we assume that they know the

16  appropriate --

17          THE COURT:  Can they be considering anything other

18  than the e-mails charged?

19          MR. SCHWARTZ:  They could be, and that's our concern.

20          THE COURT:  Properly.

21          MR. LEVY:  Could they properly?  No.

22          THE COURT:  All right.  So then why don't I say that?

23  Why don't I just say "e-mails charged in the wire fraud count

24  could form the basis of a conviction on that count if you find"

25  -- and I'm not sure here.  The suggestion was "if you've proven

1    the other elements;" so I just want to say "all the elements."

2           MR. SCHWARTZ:  "If you have found" -- we can even

3    identify them, I think they are elements one and two, "as I

4    have charged you in the indictment" and then you go and expound

5    on element three, "as I have charged you in the charge."  I

6    wasn't writing that knowing there was going to be a

7    preliminary --

8           MR. LEVY:  Your Honor, then to address what's their

9    question, because I think it's missing at that point, should we

10   put in there "even if" -- using whatever language they use --

11   "even as labeled as "draft" or "attaching."

12          That's my concern, is sending them back with a note

13   that doesn't address what is actually their question.  Or we

14   could say "an e-mail" -- "if you find that one of the charged

15   e-mails is such as you described," or something like that.

16          THE COURT:  How about that?

17          MR. LEVY:  That form.

18          MR. SCHWARTZ:  I like the preliminary.  I like the

19   preliminary way your Honor said it.  I think it was

20   appropriate.  I think the government is trying to get too fine

21   here, and we're assuming too much.  I think we should assume

22   less and give them an answer that they can work with.

23          MR. LEVY:  Your Honor, maybe I could --

24          THE COURT:  Let me just try something.

25          MR. LEVY:  Sure.

CBEPCOLF                          Deliberations

1      THE COURT:  May I ask you this?  Why are you all

2  figuring that it's the interstate commerce element that they

3  are concerned with?

4      MR. LEVY:  I think the -- not the interstate element,

5  your Honor, but the third element of an interstate wire that is

6  in furtherance of the conspiracy.

7      THE COURT:  Yes, but why is that obvious to you?

8      MR. LEVY:  They don't seem to be asking anything about

9  the existence of a scheme or the defendant's participation in

10  it, but just whether a specific wire, the specific one charged,

11  could -- it seems like that's the only element that would be

12  addressed.

13      THE COURT:  Did you disagree, Mr. Schwartz?

14      MR. SCHWARTZ:  I had the same question, your Honor.

15  Had, I think -- It is likely that it is the third element

16  they're talking about, but that's why I made a point in my --

17      THE COURT:  How about this.  I don't mean to interrupt

18  you, but I will.  "The e-mails charged in the wire fraud count

19  may form the basis of a conviction on that count even if the

20  attached document is not a "final" or "executed" version, but

21  is instead a "draft" if you find that the government has proved

22  all elements of wire fraud beyond a reasonable doubt."

23      How about this?  Then go, "for example, to satisfy the

24  interstate wire element," blah, blah, blah?

25      MR. LEVY:  We have no objection to that.  I think

CBEPCOLF                    Deliberations

1   there are multiple wire fraud counts, and we don't know which

2   one we're talking about; so it should be those counts and --

3                THE COURT:  Yeah, yeah, yeah.

4                MR. LEVY:  It should be plural.

5                MR. SCHWARTZ:  I would not signal it as a "for

6   example," your Honor.  I would say that "if you find that they

7   have -- "if the government has satisfied" -- because it's more

8   than that.  It's more than an example.  "If you find that they

9   satisfy the first two elements with respect to the interstate

10  wire."

11               THE COURT:  "As I've instructed you already," dah,

12  dah, dah, dah.

13               MR. SCHWARTZ:  Yes.  "You must find."  Because we do

14  want that language at the end, "the decision to decide whether

15  the wire is in furtherance of the cause."

16               THE COURT:  Of course.

17               MR. SCHWARTZ:  I mean, I have to see what's -- it's

18  hard to follow what your Honor is saying.

19               THE COURT:  Let me write it out, and you people can

20  take a look.

21               MR. SCHWARTZ:  I think there's only one wire per

22  count; so I think you either have to say "count" or "counts."

23               THE COURT:  Yes, yes.

24               MR. SCHWARTZ:  Would your Honor be reading this to the

25  jury or sending it in?

CBEPCOLF                        Deliberations

1          THE COURT:  No, I'll send it in written.

2          (Pause)

3          THE COURT:  Counsel, I'm going to read to you what

4    I've written, and then I'll give you the hard copy to look at.

5          "The e-mails charged in the wire fraud counts may form

6    the basis of conviction on those counts even if the attached

7    document is not a "final" or "executed" version but is,

8    instead, a "draft."

9          "If you find" -- and I'm not sure about the period

10   there, but I put it there for now -- "If you find the

11   government has proved the first and second elements of wire

12   fraud beyond a reasonable doubt as to the count you are

13   considering, you must then consider whether the government has

14   proved the third element beyond a reasonable doubt, use of

15   interstate wires."  And then I pick up with Mr. Schwartz.

16          "As I have instructed you already, to satisfy this

17   element, the government must prove that the wire identified in

18   the particular count of the indictment you are considering

19   passed between two or more states.  The wire need not itself be

20   fraudulent nor need it contain any fraudulent representations

21   or even any request for money.  It must, however, further or

22   assist in the carrying out of the scheme to defraud as charged

23   in the indictment.

24          The question of whether the particular wire you are

25   considering furthered or assisted in the carrying out of a

CBEPCOLF                          Deliberations

1    scheme to defraud is for you, the jury, to decide.  This

2    clarification should not substitute for the more complete

3    charge I previously gave you on wire fraud."

4            Here's a hard copy, at least the handwritten copy, and

5    we'll type it up and you can look at it.

6            MR. SCHWARTZ:  Your Honor?

7            THE COURT:  Yes, sir.

8            MR. SCHWARTZ:  We've consulted with the government.

9            THE COURT:  Yes, sir.

10           MR. SCHWARTZ:  Let me and -- where your Honor was

11   considering putting in the word "if" in the first sentence, or

12   putting a comma instead of the period, we would put -- and I

13   think the government has agreed -- "under the following

14   circumstances:"

15           THE COURT:  That's better.

16           MR. SCHWARTZ:  And that's way it's clear --

17           THE COURT:  That's better.

18           MR. SCHWARTZ:  -- what you're not giving them is an

19   answer but giving them an instruction.

20           THE COURT:  Okay.  Gotcha.  Gotcha.

21           Off the record.

22           (Discussion held off the record)

23           THE COURT:  We're considering the punctuation.  We're

24   distributing to you a typed version, which we'll mark as Court

25   Exhibit N1.  Delete the comma in the fourth line after "draft."

CBEPCOLF                          Deliberations

1    Lower case the "under."

2            MR. SCHWARTZ:  Your Honor, and after the colon, I

3    might consider, or ask the Court to consider, starting a new

4    paragraph and then just combining that with the second

5    paragraph so that it's clear that those are the circumstances

6    altogether.

7            THE COURT:  Any objection?

8            MR. LEVY:  No.  That sounds good to us, your Honor.

9            THE COURT:  Okay.  So the second paragraph will begin

10   after the colon and will continue to include the "As I have

11   instructed you already" sentence.

12           Any other thoughts on this draft?

13           MR. SCHWARTZ:  No, your Honor.

14           THE COURT:  All right.  We'll make the connection and

15   send it in, and it will -- Counsel, we have 12 copies for the

16   jury, which you can look at it as it goes by, but we're

17   printing copies for each of you.

18           MR. SCHWARTZ:  Thank you.

19           THE COURT:  All set?

20           MR. SCHWARTZ:  Thank you, Judge.

21           THE COURT:  Thank you.  Anything else on the record,

22   friends?

23           MR. LEVY:  No.  Thank you, your Honor.

24           THE COURT:  Thank you.  Thank you, Miss Reporter.

25           (Adjourned to November 15, 2012, at 10:00 a.m.)