

William J. Schwartz
(212) 479-6290
wschwartz@cooley.com

BY ECF and
HAND DELIVERY

March 3, 2017

Honorable Loretta A. Preska
Chief U.S. District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007-1312

      Re:    <u>United States v. Joseph P. Collins</u>, S2 07-CR-1170-01 (LAP)

Dear Chief Judge Preska:

      I write to respectfully request that the Court enter an order, pursuant to 18 U.S.C § 3583(e)(1) terminating Joseph Collins's term of supervised release and discharging him.

      Section 3583(a)(1) provides that "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) to the extent they are applicable, [the court] may terminate a term of supervised release and discharge the defendant at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Civil Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Federal Rule of Criminal Procedure 32.1(c)(2)(B) and (C) provide that a hearing is not required on an application such as this where "the relief sought is favorable to the person and does not extend the term...of supervised release...and an attorney for the government has received notification of the relief sought, has had a reasonable opportunity to object, and has not done so."

      On July 17, 2013, the Court sentenced Mr. Collins to a term of incarceration of a year and a day to be followed by two years of supervised release. Mr. Collins was released from custody on February 25, 2016, and immediately placed on supervised release. During the past year, Mr. Collins has fulfilled all of the requirements of his release and has, not surprisingly, lived a productive life. Since leaving prison, in addition to being deeply involved in the lives of his six grandchildren, Mr. Collins's principal activity, as it was before sentencing, has been to volunteer three days a week for four to five hours per day, at the Chicago Jesuit Academy, a full-scholarship institution for underprivileged children, whose mission is to "help students develop the moral and intellectual foundation to succeed in college prep high schools, universities and their adult roles as family, business and community leaders." At Chicago Jesuit Academy, Mr. Collins assists teachers of 7th grade math and 6th grade science, and performs a number of administrative functions. In addition, in January of this year, Mr. Collins began serving as a college mentor to a junior at Loyola Academy in Wilmette, who is living at the Boys Hope Girls Hope residence in Evanston, Illinois, a safe haven for students from high-risk environments. With Joe's help, this young man will become the first member of his family to



attend college. As the Court undoubtedly understands, as the years past, Mr. Collins will continue to live a life of service to others.

I have spoken to Assistant United States Attorney Harry Chernoff who has informed me that the government takes no position on this application.

The Probation Department also has no objection to this application. On February 22, 2017, Jennifer Kelly, Mr. Collins's Probation Officer, sent Mr. Collins an unsolicited email, a copy of which is enclosed, advising him that he had reached the halfway mark of his term of supervision and stating: "You have satisfied all financial conditions, and to date, have complied with all conditions of supervision. That being said, I would encourage you to contact your attorney in New York and request that [he] file a motion for early termination of supervision on your behalf." As suggested in her email, I have spoken with Ms. Kelly and confirmed that she has no objection to this motion.

Both Mr. Collins's conduct while on supervised release and the interests of justice clearly warrant that his term of supervised release be terminated and that he be discharged. We respectfully request that the Court grant this application.

Respectfully submitted,

William J. Schwartz

WJS:den

cc: Harry Chernoff, Assistant U.S. Attorney
Jennifer Kelly, U.S. Probation Officer
Jonathan Bach, Esq.
(*Via Email*)

**From:**         Joseph Collins <jcollins4950@gmail.com>
**Sent:**         Wednesday, February 22, 2017 5:40 PM
**To:**         Schwartz, William; Bach, Jonathan
**Subject:**         Fwd: Motion for early termination

Bill and Jonathan,

# REDACTED

Begin forwarded message:

> **From:** Jennifer_Kelly@ilnp.uscourts.gov
> **Date:** February 22, 2017 at 4:25:20 PM CST
> **To:** jcollins4950@gmail.com
> **Subject: Motion for early termination**
>
> Dear Mr. Collins:
>
> For your consideration:
>
> Please be advised that you have reached the halfway point of your supervision term.  You have satisfied all financial conditions, and to date, have complied with all conditions of supervision.  That being said, I would encourage you to contact your attorney in New York and request that he file a motion for early termination of supervision on your behalf.   As a reminder, jurisdiction remains in the Southern District of New York.  Feel free to provide your attorney with my contact information to confirm that I have no objection to such a motion.
>
> Sincerely,
>
> Jennifer Kelly
> United States Probation Officer
> 312 391-1605